**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HARRISON PHIPPS, on behalf of
himself and those similarly situated,

           Plaintiff,

vs.                                           Case No. 3:12-cv-299-J-32JRK

W.W. CONTRACTORS, INC., a Florida
Profit Corporation, et al.,

           Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Joint Motion for Approval of (Partial) Consent Judgment (Doc. No. 121; "Motion"), filed by Plaintiff Harrison Phipps and Defendants W.W. Contractors, Inc., John M. Williams, and W.W. Plastering, Incorporated (collectively, "the parties") on January 8, 2014.[2] Attached to the Motion is a Proposed Consent Judgment (Doc. No. 121-1; "Proposed Judgment").

**I. Status**

This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). Unlike many of the FLSA cases that come before this Court, the parties engaged in substantial litigation through the filing of and ruling on dispositive motions. The

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] One remaining Defendant, First Coast Exteriors, Inc. ("First Coast"), does not join in the Motion.

case was also set to be tried before a visiting judge during the term commencing January 21, 2014. About one month prior to the trial term, the undersigned convened two telephonic hearings to determine the status of the case. See Minute Entries (Doc. Nos. 117, 119). During the hearings, the parties announced they had reached a settlement in principle as to all remaining Defendants except Defendant First Coast. Because First Coast had somewhat recently been added to the case under a theory of successor liability, see Order entered September 17, 2013 authorizing amendment of Complaint (Doc. No. 89), discovery on that issue and the opportunity to fully explore it seemed appropriate. Accordingly, the parties had agreed to the entry of a consent judgment against all other remaining Defendants with the case to proceed against First Coast only.

Upon being advised of the status and the parties' intentions, the undersigned directed the parties to file the instant Motion by January 8, 2014. See Minute Entry (Doc. No. 119). Also, Plaintiff and First Coast were to file a motion to amend the case management order by that same date. See id. The appropriate motions were then filed. On January 13, 2014, the Honorable Timothy J. Corrigan entered an Order (Doc. No. 122) removing the case from the January 21, 2014 trial term and continuing the remaining case management deadlines as to Plaintiff and Defendant First Coast. The case is ongoing as to First Coast.

## II.  Discussion

In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353,

1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished).

In the Amended Complaint (Doc. No. 91), Plaintiff[3] seeks declaratory relief, overtime compensation pursuant to the FLSA, plus liquidated damages (which are generally in an amount equal to the overtime compensation, see 29 U.S.C. § 216(b)), attorney's fees, costs of the lawsuit, and prejudgment interest. Am. Compl. at 10-11. The parties have agreed to the entry of a judgment in favor of Plaintiff and against Defendants W.W. Contractors, Inc., John M. Williams, and W.W. Plastering, Incorporated in the amount of $33,036.55 representing the entire amount sought in Plaintiff's claim for overtime compensation "using a three (3) year statute of limitations" (but not liquidated damages)[4], plus attorney's fees and litigation expenses in the amount of $45,000.00. Motion at 4 6; Proposed Judgment at 1-2. As for the overtime compensation claim, the remaining Defendants have maintained throughout the litigation "that Plaintiff's alleged unpaid overtime hours were non-compensable under section 4(a) of the Portal-to-Portal Act, 29 U.S.C. § 254(a)." Motion at 2. Given "the defenses raised by the Judgment Defendants, [Plaintiff] has agreed to forego his claim for

---

[3] Although Plaintiff filed this case on his own behalf and on behalf of others similarly situated, Compl. at 1; Am. Compl. at 1, the record reflects that Plaintiff has not established that the proposed class is similarly situated, 29 U.S.C. § 216(b); see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008) (unpublished), and no other allegedly similarly situated individuals have joined in this case as a party.

[4] See also Second Amended [Answers to] Court Interrogatories (Doc. No. 79-1), filed July 26, 2013, claiming $33,036.55 in unpaid wages plus an equal amount in liquidated damages.

liquidated damages." Id. at 4. The parties ask the Court to approve the Proposed Judgment in accordance with Lynn's Food Stores. Motion at 1-2.[5]

In light of the posture of the case, the parties' representation about the amount sought by the wage claim (that was presumably determined after the parties undertook discovery), and the defenses raised by the remaining Defendants, the Court finds that by compromising his wage claim, Plaintiff has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Regarding the award of attorney's fees and litigation expenses, the parties stipulate that the fees "are fair and reasonable" and represent that the fees and expenses were negotiated separately from Plaintiff's settlement. Motion at 5-6 (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Upon review of the parties' papers and the remainder of the file, the Court finds that the Proposed Judgment represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[6]

---

[5] As recognized by the United States Court of Appeals for the Eleventh Circuit in Zinni v. ER Solutions, Inc. (a Fair Debt Collection Practices Act case), "from a plaintiff's view, a judgment in his or her favor 'is far preferable to a contractual promise' to pay the same amount 'because district courts have inherent power to compel defendants to satisfy judgments against them . . . but lack the power to enforce the terms of a settlement agreement absent jurisdiction over a breach of contract action for failure to comply with the settlement agreement.'" 692 F.3d at 1167 (alterations in original) (quoting Simmons v. United Mortg. & Loan Inv., 634 F.3d 754, 765 (4th Cir. 2011) (a case involving, inter alia, the Fair Labor Standards Act)).

[6] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The Court has determined that in light of the relatively substantial litigation that occurred in this FLSA case, the total fee award sought in this case is not patently unreasonable. In addition, Defendants do not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

### III.  Conclusion

After due consideration, it is

**RECOMMENDED:**

1. That the Joint Motion for Approval of (Partial) Consent Judgment (Doc. No. 121) be **GRANTED**.

2. That the Court **APPROVE** the parties' settlement and enter a judgment against Defendants W.W. Contractors, Inc., John M. Williams, and W.W. Plastering, Incorporated in the amount of $33,036.55, plus attorney's fees and litigation expenses in the amount of $45,000.00, in a substantially similar form as requested by the parties in the Proposed Judgment (Doc. No. 121-1).[7]

3. That this case be **DISMISSED WITH PREJUDICE as to Defendants W.W. Contractors, Inc., John M. Williams, and W.W. Plastering, Incorporated only** and that the file remain open as to Defendant First Coast Exteriors, Inc.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 25, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

---

[7] Regarding the request for attorney's fees and costs, Plaintiff's counsel has advised the Court via conference call (with the Judgment Defendants' counsel participating) that if the Court is not inclined to enter judgment making the fees and costs "payable to 'Morgan & Morgan, P.A.'" as requested in the Proposed Judgment, Plaintiff alternatively requests that the judgment, as it relates to attorney's fees, be made payable to Plaintiff. The undersigned makes the recommendation that the Court enter a substantially similar judgment as requested by the parties in light of this Court's ruling in Merriweather v. Latrese & Kevin Enters., et al., No. 3:08-cv-836-J-32TEM (Doc. Nos. 98, 99), in which the Court – in a similar situation – entered a judgment for attorney's fees "payable to 'Morgan & Morgan, P.A.,'" No. 3:08-cv-836-J-32TEM (Doc. No. 99 at 2).

kaw
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record