**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HARRISON PHIPPS, on behalf of
himself and those similarly situated,

    Plaintiff,

v.                                             Case No. 3:12-cv-299-J-32JRK

W.W. CONTRACTORS, INC., a Florida
Profit Corporation, JOHN M.
WILLIAMS, individually, EDDIE
ANGELL, individually, W.W.
PLASTERING, INCORPORATED, a
Florida Profit Corporation, and
FIRST COAST EXTERIORS INC., a
Florida Profit Corporation,

    Defendant.

**O R D E R**

    This lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, was originally set for trial in January 2014, but was removed from the trial calendar for further discovery after First Coast Exteriors, Inc. was added as a defendant. (Doc. 122.) On May 27, 2014, the Court entered final judgment in favor of Defendant Eddie Angell pursuant to its earlier order granting summary judgment (Doc. 129), and, at the parties' request, entered a consent judgment against W.W. Contractors, Inc., John M. Williams, and W.W. Plastering, Incorporated (Doc. 130). As part of the consent judgment, the judgment defendants admitted the allegations in Plaintiff Harrison Phipps's Amended Complaint. (Doc. 130 at 2.) The parties agree that the sole remaining issue after the consent judgment is First Coast's potential

liability under the FLSA as the alleged successor to W.W. Contractors and W.W. Plastering.

On September 15, 2014, Phipps moved for summary judgment on the grounds that the FLSA provides for successor liability and that First Coast is the successor to W.W. Contractors and W.W. Plastering. (Doc. 132.) In a single document, First Coast responded in opposition and cross-moved for summary judgment on the limited legal question of whether successor liability exists under the FLSA. (Doc. 136.) With leave of Court, Phipps filed a combined response to First Coast's cross-motion and reply in support of his own motion. (Doc. 141.) On December 15, 2014, the Court held a hearing on the motions, the record of which is incorporated herein. (See Doc. 142.)

Upon review of the parties' written briefs and oral arguments, and for the reasons stated on the record at the hearing, the Court determines that Phipps's motion should be granted in part, and First Coast's motion correspondingly denied, to the extent that the Court holds that successor liability exists under the FLSA.[1] Phipps's motion is denied, however, to the extent that the Court determines that he has not shown that "there is no genuine dispute as to any material fact" such that he is entitled to judgment as a matter of law that First Coast is indeed the successor to W.W. Contractors and W.W. Plastering such that it is liable for its predecessors' violations of the FLSA. See Fed. R. Civ. P. 56(a).

---

[1] Though the Eleventh Circuit has not explicitly so held, the overwhelming weight of authority is that successor liability exists under the FLSA. As necessary, the Court will write an opinion further explaining its decision and discussing which test for determining successor liability it will employ.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. 132) is **GRANTED in part** and **DENIED in part** as set forth above.

2. Defendant First Coast Exteriors, Inc.'s Motion for Summary Judgment on Specific Legal Issue (Doc. 136) is **DENIED**.

3. As discussed at the hearing, on or before **January 6, 2015**, the parties shall file a joint status report setting forth how they propose to proceed with the case.

4. The remaining deadlines in the Court's January 13, 2014 Order (Doc. 122) remain in place, and the case remains on the Court's February 2015 trial calendar.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record