**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HARRISON PHIPPS, on behalf of
himself and those similarly situated,

           Plaintiff,

vs.                                           Case No. 3:12-cv-299-J-32JRK

W.W. CONTRACTORS, INC., a Florida
Profit Corporation, et al.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on the Joint Motion for Approval of Settlement Agreement (Doc. No. 154; "Motion"), filed by Plaintiff Harrison Phipps ("Plaintiff") and Defendants First Coast Exteriors, Inc. ("First Coast"), W.W. Contractors, Inc., W.W. Plastering, Incorporated, and John M. Williams (collectively, "the parties") on May 1, 2015. Attached to the Motion is the parties' Settlement Agreement and Release (Doc. No. 154-1; "Settlement Agreement"), that references a proposed Amended Consent Judgment that was

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

later filed on September 3, 2015, see Plaintiff's Notice of Filing Proposed Judgment (Doc. No. 156).[2]

This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In the Motion, the parties request that the Court approve their Settlement Agreement under the FLSA, that was negotiated in compromise after protracted litigation. Motion at 7. They also ask the Court to reserve jurisdiction to enforce the Settlement Agreement. Id.

## II. Procedural History

Unlike many of the FLSA cases that come before this Court, the parties here engaged in substantial litigation through the filing of and ruling on dispositive motions. The case was set to be tried before a visiting judge during a trial term commencing January 21, 2014. About one month prior to the trial term, the undersigned convened two telephonic hearings to determine the status of the case. See Minute Entries (Doc. Nos. 117, 119). During the hearings, the parties announced they had reached a settlement in principle as to all then-remaining Defendants[3] except Defendant First Coast. Because First Coast had somewhat recently been added to the case under a theory of successor liability, see Order entered September 17, 2013 authorizing amendment of Complaint (Doc. No. 89), discovery on that issue and the opportunity to fully explore it seemed appropriate. Accordingly, the parties

---

[2] The Settlement Agreement states that the proposed "Amended Consent Judgment" is attached to the Agreement as Exhibit A. Settlement Agreement at 2. It is not attached, so Plaintiff later filed it as a separate filing. See Plaintiff's Notice of Filing Proposed Judgment (Doc. No. 156).

[3] The Court had previously granted summary judgment against Plaintiff and in favor of Defendant Eddie Angell (Doc. No. 114) but withheld judgment until later in the case (Doc. No. 129). Accordingly, Mr. Angell was not included in the settlement. Hereinafter, references to "Defendants" exclude Mr. Angell unless otherwise noted.

agreed to the entry of a consent judgment against all other remaining Defendants with the case to proceed against First Coast only. Pursuant to the parties' request, on May 27, 2014, the Court entered a Consent Judgment in favor of Plaintiff and against Defendants W.W. Contractors, Inc., W.W. Plastering, Incorporated, and John M. Williams, in the total amount of $78,036.55 (Doc. No. 130).[4] That same day, the Court entered Judgment against Plaintiff and in favor of Defendant Eddie Angell (Doc. No. 129). These actions left the case proceeding as to Defendant First Coast only.

After discovery and summary judgment motion practice, the Court entered an Order on December 18, 2014 (Doc. No. 143) granting in part and denying in part Plaintiff's motion for summary judgment (Doc. No. 132) and denying First Coast's motion for summary judgment (Doc. No. 136). The Court held "that successor liability exists under the FLSA." Order (Doc. No. 143) at 2 (footnote omitted). The Court further found that Plaintiff had failed to demonstrate there was "'no genuine dispute as to any material fact' such that he is entitled to judgment as a matter of law that First Coast is indeed the successor to W.W. Contractors and W.W. Plastering such that it is liable for its predecessors' violations of the FLSA." Id. (quoting Fed. R. Civ. P. 56(a)). The case was set to be tried during the February 2015 trial term. See Order (Doc. No. 122); Order (Doc. No. 143).

Thereafter, on about January 27, 2015, the Court was advised that the case had been settled. See Order (Doc. No. 147). Per the Court's instructions (Doc. Nos. 147, 149, 151),

---

[4] The total judgment amount consisted of $33,036.55 that represented the entire amount sought in Plaintiff's claim for overtime compensation "using a three (3) year statute of limitations" (but not liquidated damages), plus attorney's fees and litigation expenses in the amount of $45,000.00. Joint Motion for Approval of (Partial) Consent Judgment (Doc. No. 121), filed January 8, 2014, at 4, 6; see also Consent Judgment (Doc. No. 130) at 1-2.

the instant Motion was filed on May 1, 2015 and referred to the undersigned on May 4, 2015 for the entry of a report and recommendation regarding an appropriate resolution (Doc. No. 155).

### III.  Discussion

In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished).

In the Amended Complaint (Doc. No. 91), Plaintiff[5] seeks declaratory relief, overtime compensation pursuant to the FLSA, plus liquidated damages (which are generally in an amount equal to the overtime compensation, see 29 U.S.C. § 216(b)), attorney's fees, costs of the lawsuit, and prejudgment interest.  Am. Compl. at 10-11.  The parties have agreed to settle the case as to all Defendants, Motion at 4-5, notwithstanding the Consent Judgment that was previously entered against Defendants W.W. Contractors, Inc., W.W. Plastering, Incorporated, and John M. Williams.  To that end, the parties represent:

> [T]he sole remaining issue [in the case following the Court's ruling on summary judgment motions] is significant in that the Eleventh Circuit has not explicitly held that successor liability exists under the FLSA.  Thus, the sole disputed issue is one of first impression. The [p]arties ultimately recognized the inherent risks in proceeding with litigation.  For Plaintiff, that risk included the distinct

---

[5]  Although Plaintiff filed this case on his own behalf and on behalf of others similarly situated, Compl. at 1; Am. Compl. at 1, the record reflects that Plaintiff has not established that the proposed class is similarly situated, 29 U.S.C. § 216(b); see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008) (unpublished), and no other allegedly similarly situated individuals have joined in this case as a party.

-4-

>   possibility that Plaintiff might recover nothing, or alternatively that any judgment received at trial would not be collectable; for Defendants, that risk included the prospect that Plaintiff's recovery might exceed that which they have agreed to pay in the settlement.

Id. at 4.

As part of the settlement, Plaintiff will receive from Defendants a total of $4,000.00; Plaintiff's counsel will receive a total of $16,000.00. Id. at 4-5. These amounts are to be paid over a period of seventeen months.[6] Id. at 4; Settlement Agreement at 1-2. "Until such time as Defendants have made full payment, the [p]arties agree that the Consent Judgment currently entered by the Court shall remain in full force and effect." Id. at 5 (citing Settlement Agreement at 2). In the event that Defendants fail to pay the amounts due under the Settlement Agreement, they agree that Plaintiff may seek an amended consent judgment "against First Coast for all amounts due and owing under the Consent Judgment previously entered against [the other Defendants]." Id. (citing Settlement Agreement at 2); see Plaintiff's Notice of Filing Proposed Judgment (Doc. No. 156). For these reasons, the parties request that the Court "retain jurisdiction over the instant matter, until such time as Defendants have made all payments referenced [in the Motion and Settlement Agreement], or if Defendants have defaulted, in order to enter an Amended Consent Judgment as referenced in the Parties' Agreement." Motion at 5 (citing Settlement Agreement at 2). The parties ask the Court to approve the Settlement Agreement in accordance with Lynn's Food Stores. Id. at 7.

In light of the procedural posture of this matter and the parties' representation about the remaining issue in the case, the Court finds that by compromising his wage claim,

---

[6] The payments were to commence in April 2015 when the agreement was executed. Settlement Agreement at 1-2.

Plaintiff has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Regarding the award of attorney's fees and litigation expenses, the parties stipulate that the fees are "reasonable in light of the work invested in this matter" and represent that the fees and expenses were "separately agreed upon" than the amount to be paid to Plaintiff. Motion at 7 (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)). Upon review of the parties' papers and the remainder of the file, the Court finds that the Settlement Agreement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[7]

There is, however, one provision of the Settlement Agreement that is impermissible. In Paragraph 7 on page 3, "[t]he [p]arties acknowledge and agree that [the Settlement] Agreement and all settlement negotiations have been and shall remain confidential." In Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010), the Court was faced with the question of whether confidentiality provisions in FLSA settlement agreements should be permitted. The Dees Court stated that when parties seek approval of such provisions, they are essentially asking the Court to approve "compelled silence," that necessarily "unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute."

---

[7] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). In light of the relatively substantial litigation that occurred in this FLSA case, the total fee award sought in this case is not patently unreasonable. In addition, Defendants do not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Id. (footnote omitted). In addition, the Dees Court recognized that confidentiality agreements could raise problems with respect to the FLSA's anti-retaliation provision. Id. Thus, "[a] confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." Id. Further, it was suggested in Dees that "[t]he district court . . . reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA." Id. at 1243.

In light of Dees, the parties' confidentiality provision cannot stand. In addition, the Settlement Agreement was filed in the public record so the confidentiality provision is effectively a nullity. Another provision of the Settlement Agreement provides that "[s]hould any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be a part of this Agreement." Settlement Agreement at 3 ¶ 5. Accordingly, the undersigned deems it appropriate to reject the confidentiality provision (id. at 3 ¶ 7) but approve the remainder of the Settlement Agreement and allow the remaining terms to stand (see id. at 3 ¶ 5).

Finally, although it is not the norm, given that there is a rather sizeable outstanding Consent Judgment against all Defendants except First Coast (Doc. No 130) and given Plaintiff's actions or lack thereof regarding the outstanding judgment depend on whether Defendants hold up their end of the bargain, the file should remain closed (see Order (Doc. No. 147)), but the Court should retain jurisdiction for the purpose of enforcing the parties' Settlement Agreement, if necessary.

## IV.  Conclusion

After due consideration, it is

**RECOMMENDED THAT:**

1. The Joint Motion for Approval of Settlement Agreement (Doc. No. 154) be **GRANTED to the extent** that the Court should **APPROVE** the parties' overall Settlement Agreement with the exception of the confidentiality provision.

2. The file remain closed, but the Court retain jurisdiction for the purpose of enforcing the Agreement.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on September 15, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

-8-